600 A.2d 601

**FIRST REALVEST, INC., Appellant,**

**v.**

**AVERY BUILDERS, INC., Bud Avery and Marcia Avery, His Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1991.

Filed Dec. 18, 1991.

574

Diane L. Romero (submitted), West Chester, for appellant.

John T. Nicholson, Kennett Square, for appellees.

Before CAVANAUGH, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the Court of Common Pleas of Chester County dismissing appellant First Realvest's [hereinafter "Realvest"] complaint on a demurrer. Realvest's action was based on a contract between Realvest and Avery Builders, Incorporated [hereinafter "Avery Builders"]. Realvest's complaint sounds in breach of contract and attempts to pierce the corporate veil in order to bring an action personally against Bud and Marcia Avery, shareholders in Avery Builders. The trial court found no

basis in the pleadings to pierce the corporate veil, and therefore, granted appellees' demurrer. We affirm.

A discussion of the case follows. Avery Builders brought an action against Realvest in April of 1989, to recover the unpaid balance allegedly due for services rendered by Avery Builders. Realvest responded to the complaint in that action by filing an answer with new matter and a counterclaim. Realvest's counterclaim sought to recover damages allegedly caused by a breach of contract by Avery Builders. Realvest then filed a separate action for breach of contract against Avery Builders seeking to recover the same damages as the damages sought in the counterclaim.[1] The only difference between Realvest's counterclaim and separate suit was that in the separate suit Bud and Marcia Avery have been added as parties in their individual capacity.

Two issues are presented on appeal. First, whether a complaint which makes general averments that a corporation was used as an alter ego is sufficient to state a cause of action under the equitable doctrine of piercing the corporate veil. We find that such allegations are not sufficient. Second, whether a complaint can survive where the cause of action alleged in the complaint has been previously asserted in a counterclaim pending in a different action. We find that such a complaint must be dismissed under the doctrine of *lis pendens*. We take up both issues below.

■ When reviewing an order granting a demurrer, we accept as true all well-pleaded facts and all reasonable inferences drawn therefrom; however, conclusions of law are not accepted as true. *Higgins v. Clearing Machine*, 344 Pa.Super. 325, 496 A.2d 818 (1985).

---

**1.** Although Realvest's counterclaim and separate action are not verbatim transcripts of each other, it is readily apparent that they involve the identical operative facts and damages. The sum of damages claimed in both is $93,817.92, which sum was calculated in both by adding up the damages Realvest allegedly suffered due to Avery Builders' breach of contract during the construction of two properties.

The complaint herein is based solely upon a cause of action for breach of contract. The law in Pennsylvania is clear that where a party enters into a contract with a corporation, no action will lie against the shareholders of that corporation individually for a breach of that contract. *Loeffler v. McShane*, 372 Pa.Super. 442, 539 A.2d 876 (1988). "[T]he breach of the contract is the breach of a promise made by the corporation, and not the breach of any promise extended by the corporate officer." *Id.*, 372 Pa.Superior Ct. at 447, 539 A.2d at 879. Shareholders, officers and directors are not held liable for the corporation's breach of a contract, absent an establishment of participation theory or the successful assertion of the equitable doctrine of piercing the corporate veil. For the reasons that follow, we find the complaint at issue established neither theory and that the demurrer was proper.

The allegations in the complaint attempting to support a claim under the equitable doctrine of piercing the corporate veil are extremely general.[2] The briefs and the

2. The allegations against Bud and Marcia Avery incorporate the entire breach of contract action against Avery Builders, Inc., and then state the following:

37. It is believed and therefore averred that Bud Avery and Marcia Avery, were controlling principals in the Defendant, Avery Builders, Inc. and may possibly be the sole and only principals of said Defendant.

38. The aforementioned acceptance of Exhibits "A" and "B" were made by Bud Avery and Marcia Avery, individually and not in a corporate capacity.

39. Said contract was in reality made with Bud Avery and Marcia Avery, individually, who own and operate a building contract business under the Fictitious Name "Avery Builders, Inc."

40. Bud Avery and Marcia Avery, Defendants, exercise exclusive control over the operation of Avery Builders, Inc. and were the sole beneficiaries of any revenues and/or profits derived therefrom.

41. Defendants, Bud and Marcia Avery, formed Avery Builders, Inc. for their own benefit in that corporate funds are intermingled with their own or other alleged corporations owned by them and that they divert corporate funds to their own use and treat the corporation as an individual proprietorship and as an "alter ego."

42. The actions of defendants, Bud Avery and Marcia Avery, and of Defendant, Avery Builders, Inc., are one and the same and, therefore, a breach of contract by one is a breach of contract by all.

lower court opinion in this matter are somewhat confused in that participation theory and the doctrine of piercing the corporate veil are discussed interchangeably as a basis for imposing liability on Bud and Marcia Avery individually. In *Wicks v. Milzoco Builders, Inc.,* 503 Pa. 614, 470 A.2d 86 (1983), the Pennsylvania Supreme Court examined the differences between participation theory and piercing the corporate veil. Participation theory, in simple terms, is a theory which imposes personal liability on corporate officers or shareholders where they have personally taken part in the actions of the corporation. *Id.,* 503 Pa. at 621, 470 A.2d at 89–90. Appellant's brief makes no argument on participation theory. Furthermore, we note that the complaint avers no facts that would support a claim based on participation theory. The complaint makes the legal conclusion that the contract in question was made between First Realvest and Bud and Marcia Avery; however, no facts are averred to support such a conclusion. The contract incorporated into the complaint by reference in no way indicates such an arrangement. A demurrer on the basis that sufficient facts were not pled in the complaint to establish individual liability under participation theory was proper in this case.

▇ Appellant's brief argues that the complaint states sufficient facts to support a cause of action under the equitable doctrine of piercing the corporate veil. We do not agree.

The Pennsylvania Supreme Court has held that the corporate form *"will be disregarded only when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime." Sams v. Redevelopment Authority,* 431 Pa. 240, 244 A.2d 779 (1968) (emphasis added). *See also, Kellytown v. Williams,* 284 Pa.Super. 613, 426 A.2d 663 (1981).

In applying the test (for piercing the corporate veil), ... any court must start from the general rule that the corporate entity should be recognized and upheld, unless

43. Although numerous demands have been made, the sum of $93,817.92 is still due and owing.

specific, unusual circumstances call for an exception ... Care should be taken on all occasions to avoid making "the entire theory of the corporate entity ... useless ..." *Kellytown*, 503 Pa. at 622, 426 A.2d at 668 (quoting *Zubik v. Zubik*, 384 F.2d 267, 273 (3d Cir.1967)). We note that there is no definitive test for piercing the corporate veil. *Kellytown* at 622, 426 A.2d at 668. Applying the above standards, however, we can find no basis whatsoever to support piercing the corporate veil in the case before the court.

Paragraph 41 is the only allegation arguably supporting a cause of action against Bud and Marcia Avery individually under the theory of piercing the corporate veil.

41. Defendants, Bud Avery and Marcia Avery, formed Avery Builders, Inc. for their own benefit in that corporate funds are intermingled with their own or other alleged corporations owned by them and that they divert corporate funds to their own use and treat the corporation as an individual proprietorship and as an "alter ego".

The contents of this paragraph are not sufficient to support the extreme remedy of piercing the corporate veil. All corporations are formed for the benefit of their shareholders and the shareholders draw out profits. It is ridiculous to say that the corporate form should be abandoned because a shareholder drew out funds; such a conclusion would render the corporate form useless. Whether or not the corporation is treated as a sole proprietorship or an alter ego requires a conclusion of law and is not properly considered here. Further, there are no facts pled here to support such a conclusion.

There are no facts pled here to support piercing the corporate veil. A demurrer on the basis that sufficient facts were not pled in the complaint to establish individual liability under the equitable doctrine of piercing the corporate veil was proper.

■ Realvest's counterclaim and separate complaint both set forth sufficient causes of action against Avery Builders for breach of contract. The difficulty is that both state the

same cause of action against Avery Builders, the only difference being the addition of Bud and Marcia Avery as parties to the separate action. Since the cause of action against Bud and Marcia Avery was dismissed, the court below properly dismissed the remainder of the separate complaint against Avery Builders under the doctrine of *lis pendens*. *Penox Technologies v. Foster Medical Corp.*, 376 Pa.Super. 450, 546 A.2d 114 (1988).

For the foregoing reasons, the decision of the lower court is affirmed. Order affirmed.

McEWEN, J., concurs in the result.