435 A.2d 1260

**Robert B. WICKS and Lucy J. Wicks, Individually and as parents and natural guardians of Jill, Geoffrey and Audrey Wicks, Minors and Charles J. Bauer and Ruth M. Bauer, Individually and as parents and natural guardians of Ruth, Charles, John, Linda and Michelle Bauer, Minors and Donald L. Sheriff and Pamela K. Sheriff, Individually and as parents and natural guardians of Michael Sheriff, A Minor, Appellants,**

v.

**MILZOCO BUILDERS, INC., Carroll Builders, Inc., R. L. Sheibley and Benjamin Breneman, Trading as R. L. Sheibley Construction Company, Michael A. Serluco and Benjamin Breneman, d/b/a Georgian Hall Real Estate, Eugene Cook, Chester Miller, Wesley Zollers, Scott Greenfield and John C. Brilhart.**

**William E. LELLO and Linda J. Lello, Appellants,**

v.

**MILZOCO BUILDERS, INC., Carroll Builders, Inc., R. L. Sheibley and Benjamin Breneman, Trading as R. L. Sheibley Construction Company, Eugene Cook, Chester Miller, Wesley Zollers, and John C. Brilhart.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed Oct. 16, 1981.

Petition for Allowance of Appeal Granted Jan. 7, 1982.

Richard C. Angino, Harrisburg, for appellants.

Harold S. Irwin, Jr., Carlisle, for Milzoco, Carroll, Cook, Miller and Zollers, appellees.

Robert J. Stewart, York, did not file a brief on behalf of Sheibley, Breneman and Sheibley Const., appellee.

Jerry Duffie, Carlisle, did not file a brief on behalf of Serluco and Georgian Hall Real Estate, appellees.

John M. Eakin, Mechanicsburg, for Brilhart, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

These appeals are taken from Orders of the Court of Common Pleas of Cumberland County sustaining preliminary objections to appellants' complaints.

Appellants are four homeowners in a development known as "Monroe Acres". Appellees are the developers of "Monroe Acres", Milzoco Builders, Inc., the builders of the four homes, Carroll Builders, Inc., and Sheibley Construction Company; the real estate agency through which appellants purchased the homes, Georgian Hall Real Estate; the surveyor who laid the plans for "Monroe Acres", John Brilhart and the individuals comprising, Milzoco Builders, Inc., Carroll Builders, Inc., and Sheibley Construction Company.

Milzoco Builders, Inc., purchased 60 acres of land in 1969 in order to develop a 120 unit housing plan.

John Brilhart was commissioned by Milzoco to survey the land and lay the plans for each ½ acre lot.

These lots were then sold to builders (instantly "Carroll Builders" and "Sheibley Construction") who would construct houses for individual purchasers.

The four appellants each purchased a new home built in "Monroe Acres". The common element of each particular residence was its location. "Monroe Acres" was located on an old farm. Part of the new development was on sloped land. Appellants' houses were at the lowest elevation of the development, immediately in the path of the natural drainage area for the remainder of the new homes. In addition to being built in the natural drainage wash of the adjacent higher ground, appellants' woes were further compounded due to the fact that the land on which the homes on the higher elevated lots were built, had been excavated and landscaped, further precipitating the amount and flow of water drainage to the lower lying homes.

This water drainage from the higher property caused all the appellants' homes to be periodically flooded and thereby damaged. Their fresh water wells were polluted and their septic tanks overflowed.

The developers and the respective builders attempted to remedy the water problems by digging drainage trenches at various places on appellants' properties. This provided no relief. Instead, it only increased their difficulties. The drainage water and overflowing raw sewage collected in these ditches and remained; thus the owners were unable to use their yards and had these unsightly and dangerous manmade "ponds" on their property.

The homeowners instituted legal action in an attempt to have these conditions remedied and for damages incurred as the result of the aforementioned conditions.

Four amended complaints were eventually filed by each homeowner. Each suit was brought in both trespass and assumpsit alleging breaches of implied and express warranties, negligence, misrepresentation and strict liability and further requesting damages for personal injury and property damage.

Basically, the complaints assert that the appellees knew or should have known of the potential drainage problems and should have taken steps to minimize them. Appellants also asserted that strict liability should attach to the conduct of not only the builders but also the developers.

The trial court dismissed all counts relating to the strict liability, sustained demurrers with regard to the individual parties sued and to the surveyor John Brilhart. The court also sustained demurrers to the cause of action in warranty as against the developers.

Appellants assert various arguments as to why the dismissal of the strict liability counts and cause of action for breach of warranty were error.

However, we cannot dispose of these issues since the appeals taken from the sustaining of those particular defendants preliminary objections are not final orders.

All defendants who were sued under theories of strict liability and for breach of warranty were also sued by the same plaintiffs under theories of negligence. The causes of action grounded in negligence were not dismissed. Thus,

the sustaining of the defendants' demurrers did not put plaintiffs out of court as to those defendants.

In *Banda v. Virginia Manor Apartments*, 451 Pa. 408, 303 A.2d 925, the court quashed an appeal from the sustaining of defendants preliminary objections to part of a complaint in equity.

"This appeal must be quashed. As we said in *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 95 A.2d 776 (1953):

'... unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action.... The court cannot assume such appellate jurisdiction even by consent of the parties [citing cases]. Nor is an order, judgment or decree final unless it terminates the litigation between the parties from further action in that court [citing cases]', 383 Pa. at 317–318, 95 A.2d at 776." Id., 451 Pa. at 410, at 303 A.2d 926.

The orders appealed from were clearly interlocutory. We find no statutory authority permitting appeal from the within interlocutory orders. Since neither side requested the lower court to certify the case for appeal, 42 Pa. C.S. § 702(b), we must quash the issues raised in this appeal with regard to all defendants except those discussed below.

The court sustained the demurrers of defendants Cook, Miller, Zollers, and John Brilhart. As to these particular defendants, appellants were out of court, since all actions against those defendants had been dismissed. Thus, we will consider the issues raised with regard to those defendants.

Appellants assert that the court erred in dismissing all the actions in trespass against certain individuals (Cook, Miller, and Zollers) for alleged acts committed while acting as agents for the various corporations involved in these disputes.

Nowhere is it pleaded that such individuals acted beyond the scope of their authority, committed fraud or engaged in criminal conduct. Thus, no individual liability can attach as a result of their actions as agents for the

corporations. *McKenna v. J. Art Peal Works, Inc.*, 225 Pa.Super. 362, 310 A.2d 677 (1973). One dealing with a corporation, knowing it to be such, cannot enforce individual liability against officers or agents acting for the corporation *Bala Corporation v. McGlinn*, 295 Pa. 74, 144 A. 823 (1929).

Absent allegations in the complaints as to actions outside the scope of their authority as agents, no cause of action against them exists. Thus, the sustaining of their (the individuals) demurrers below was proper.

Finally, the appellants assert that it was improper to sustain a demurrer by the surveyor John Brilhart.

The lower court sustained the demurrer finding that no duty running from Brilhart to the appellants had been pleaded.

Brilhart was hired by Milzoco to perform certain functions with regard to setting boundary lines of the lots, streets, and laying plans for the sewage and drainage lines in "Monroe Acres" and also to supervise the excavation of drainage ditches on appellants' properties.

Appellants have alleged that he misperformed these tasks causing the eventual drainage problems and subsequently causing their damages.

■ The test as to whether any "duty" shall be imputed to Brilhart is the degree of foreseeability of the injurious consequences to appellants resulting from Brilhart's misfeasance *Dooley v. Borough of Charleroi*, 328 Pa. 57, 195 A. 6 (1937).

■ Certainly, one who is a surveyor for a housing development should reasonably foresee that in the event he improperly prepares plans for drainage facilities or improperly prepares plans for sewage facilities that the subsequent diversion of drainage water could improperly be directed into homes built in that development resulting in damage.

■ We find that the trespass count in appellant's complaints against John Brilhart sufficiently states a cause of action in negligence. Thus, we reverse the order of the lower court in sustaining his demurrer.

Order of the lower court sustaining the demurrers of defendants Cook, Miller, and Zollers is affirmed. Order of the lower court sustaining the demurrer of John Brilhart is reversed.

All other issues raised in this appeal are quashed and jurisdiction is relinquished to the lower court.