J-S95034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEBANON VALLEY INSURANCE CO. A/S/O/ SIDNEY FLAXMAN AND ERIC FLAXMAN | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | Appellant | |
| | v. | |
| BRIAN FLAXMAN | | |
| | Appellee | No. 352 EDA 2016 |

Appeal from the Order entered January 6, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2015-01589

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

DISSENTING MEMORANDUM BY STABILE, J.:          **FILED MARCH 29, 2017**

I respectfully dissent.  Appellant was entitled to the benefit of all material facts set forth in its pleading and all reasonable inferences deducible therefrom.  As pled, Appellant avers a scenario whereby Appellee, the sole shareholder of the corporate lessor, purposely removed the cover plate over the pilot light on a hot water heater leaving the flame of the pilot light exposed to materials he permitted to be stored in proximity to the water heater. Under these facts, I cannot conclude at this stage of the proceedings that Appellee did not engage in the tortious activity that is averred to have caused harm to Appellant.  I cannot agree with the Majority that Appellee's "failure" to replace the cover plate on the pilot light amounts to nonfeasance, or an omission to act, not actionable under Pennsylvania's

participation theory, as opposed to malfeasance, or the improper performance of an act, which would be actionable. *See Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983) ("liability attaches [to a corporate officer] where the record establishes the individual's participation in the tortious activity"). Although the Majority seizes upon the complaint's averments that Appellee "failed" to replace the cover plate as nonfeasance, I believe that action was an affirmative act that may constitute malfeasance. Appellee is alleged to have removed the cover plate creating a hazard to materials stored in proximity to the open flame of the pilot light. Under the facts as pled, I do not believe that the Appellee is entitled to be shielded from individual liability. As pled, Appellee's conduct evidences personal involvement in creating the hazard. Such allegation is sufficient, at this time, to sustain a claim based upon Appellee's personal participation in the alleged tortious acts. Therefore, I would reverse the granting of the demurrer by the trial court.