J-A24018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STORE ROAD, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| N. PAONE CONSTRUCTION, INC., | : | |
| AND NICOLA PAONE | : | |
| | : | No. 1688 EDA 2020 |
| | : | |
| APPEAL OF: NICOLA PAONE | : | |

Appeal from the Judgment Entered August 26, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): No. 2016-19916

BEFORE: LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 03, 2022**

Appellant, Nicola Paone, appeals from the judgment entered in favor of Appellee, Store Road, LLC, in this action alleging, *inter alia*, tortious interference with contract.[1]  Appellant challenges the weight and sufficiency of the evidence, and avers that the trial court applied an incorrect theory of liability.  After careful review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Appellant purports to appeal from the August 26, 2020 Order denying his motion for post-trial relief, the appeal properly lies from the subsequent entry of judgment on the trial court's verdict.  **See**, **e.g.**, **U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 388 n.2 (Pa. Super. 2015) (providing appeal to Superior Court can only lie from judgment entered after the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions).  We have amended the caption accordingly.

The relevant factual and procedural history, as gleaned from the trial court's Decision and Pa.R.A.P. 1925(a) Opinion, is as follows. In 2012, Appellant was the owner, president, secretary, treasurer, and sole shareholder of N. Paone Construction, Inc. ("Paone Construction"), a new-home construction company established in 1993. Appellant controlled the day-to-day operations of Paone Construction, including making decisions regarding salaries for himself, salaries for his four employees, and company distributions. Additionally, Appellant signed every check issued by Paone Construction, including checks to himself.

On May 3, 2012, Paone Construction and Appellee entered into a construction agreement in which Paone Construction agreed to build a single-family home for Appellee with a base purchase price of $263,935. As president of Paone Construction, Appellant signed the agreement. Vince Pennoni signed the agreement on behalf of Appellee.

At the time of the construction agreement, aside from occasionally framing homes for other builders, Paone Construction's main job was building Appellee's home. Paone Construction paid vendors and subcontractors approximately $153,806 for construction of the home. Additionally, from June 2012 through August 2013, Paone Construction issued checks signed by Appellant and payable to Appellant in the amount of $128,736, from which Appellant admitted he personally benefitted.

In September 2013, despite Appellee having made full payment to Paone Construction in the amount of $294,275 pursuant to the contract, Paone Construction ceased construction.

From September 2013 through July 2015, Appellee repeatedly attempted to contact Appellant through phone calls and emails to request completion of construction but did not receive any response. On July 13, 2015, Appellee sent a termination letter to Paone Construction, and then paid another company approximately $78,000 to complete construction of the home.

On August 11, 2016, Appellee filed a complaint against Paone Construction and Appellant, asserting one count of breach of contract against Paone Construction and one count of tortious interference with contract against Appellant. On December 23, 2016, Appellant filed an answer and new matter; on December 27, 2016, Paone Construction filed an answer with counterclaim, alleging that Appellee did not pay in full for construction of the home. On January 25, 2019, Appellant filed a motion for judgment on the pleadings. Appellee filed a response on February 5, 2019, and the trial court denied the motion on February 25, 2019.

On February 25, 2019, the trial court held a bench trial. Mr. Pennoni, who had signed the construction agreement, testified on behalf of Appellee. Appellant testified on behalf of himself and Paone Construction.

At the request of the parties, the court kept the record open to provide the parties additional time to present evidence. On August 29, 2019, the

parties appeared before the court and Appellee submitted into evidence Paone Construction's bank records demonstrating that Paone Construction's accounts held insufficient funds to complete construction of the home in the months leading up to July 13, 2015, when Appellee sent its termination letter to Paone Construction.

The court then closed the record. Appellant did not move for a directed verdict at the conclusion of the proceedings.

On May 19, 2020, the trial court entered its Decision and Order, finding that Paone Construction had breached the contract and Appellant had tortiously interfered with the contract. The court awarded Appellee damages in the amount of $78,000, finding Appellant and Paone Construction jointly and severally liable. On May 29, 2020, Appellant filed a motion for post-trial relief requesting the entry of a judgment notwithstanding the verdict or a new trial, challenging the sufficiency and weight of the evidence, and arguing that the trial court applied an incorrect theory of liability. Appellee did not file a response and Appellant declined the opportunity to argue the motion. On August 26, 2020, the trial court denied the motion and entered judgment in favor of Appellee and against Appellant and Paone Construction.

Appellant timely appealed and both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

**ISSUES RAISED ON APPEAL**

---

[2] Paone Construction has not appealed and Appellant does not dispute the trial court's finding that Paone Construction breached the contract.

Appellant raises the following issues for our review:

1. Did the trial court err by failing to find that insufficient evidence supported [Appellee]'s tortious-interference claim because: (a) the sole owner and president of a corporation is not a "third party" to his own corporation's contract; or (b) causing a corporation to return a portion of the owner's capital contributions does not by itself establish tortious interference?

2. Was the trial court's decision on the tortious interference claim against the weight of the evidence?

3. [Appellee] alleged that a corporation breached a contract and that the corporation's sole owner tortiously interfered in that contract. Did the trial court err by raising *sua sponte* the "participation theory of liability," particularly where [Appellee] did not allege that the corporation committed a tort?

Appellant's Br. at 5 (some capitalization omitted; reordered for ease of disposition).

**LEGAL ANALYSIS**

When we review a trial court's verdict rendered after a bench trial, "[w]e may reverse the trial court only if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record." *Parker Oil Co. v. Mico Petro and Heating Oil, LLC*, 979 A.2d 854, 856 (Pa. Super. 2009) (citation omitted). "As fact finder, the judge has the authority to weigh the testimony of each party's witnesses and to decide which are most credible." *Id.* (citation omitted). The trial judge's findings must be given the same weight and effect as a jury verdict and will not be disturbed on appeal unless they are not supported by competent evidence in the record. *Levitt v. Patrick*, 976 A.2d 581, 589 (Pa. Super. 2009). "Furthermore, our standard of review demands that we consider the evidence in a light most favorable to

- 5 -

the verdict winner." *Id.* (citation omitted). "[A]ll evidence and proper inferences favorable to [the victorious] party must be taken as true and all unfavorable inferences rejected." *Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908, 914 (Pa. Super. Ct. 2017) (citation omitted).

To prove tortious interference with a contract, a plaintiff must demonstrate:

(1)  the existence of a contractual relationship between the complainant and a third party;

(2)  an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship;

(3)  the absence of privilege or justification on the part of the defendant; and

(4)  the occasioning of actual damage as a result of defendant's conduct.

*Walnut St. Associates, Inc. v. Brokerage Concepts, Inc.*, 982 A.2d 94, 98 (Pa. Super. Ct. 2009), *aff'd*, 20 A.3d 468 (Pa. 2011) (citations omitted).

"The second element requires proof that the defendant acted for the specific purpose of causing harm to the plaintiff [and] is closely intertwined with the third element, which requires a showing that [the defendant]'s actions were not privileged." *Empire Trucking Co., Inc. v. Reading Anthracite Coal Co.*, 71 A.3d 923, 933–34 (Pa. Super. 2013) (internal citation and quotation marks omitted). "Thus, in order to succeed in a cause of action for tortious interference with a contract, a plaintiff must prove not only that a defendant acted intentionally to harm the plaintiff, but also that those actions were improper." *Id.*

Notably, "[e]ssential to a right of recovery under this section is the existence of a contractual relationship between the plaintiff and a 'third person' other than the defendant." ***Daniel Adams Associates, Inc. v. Rimbach Pub., Inc.***, 519 A.2d 997, 1000 (Pa. Super. 1987). A corporate agent acting within his scope of authority is generally not considered to be a third party. ***Id.*** at 1002. However, a corporate agent may be considered a third party when acting outside the scope of his authority. ***See, e.g.***, ***Todd v. Skelly***, 120 A.2d 906, 909 (Pa. 1956) (observing that a corporation will not be liable for the actions of its agent "[w]here an agent acts in his own interest which is antagonistic to that of his principal, or commits a fraud for his own benefit in a matter which is beyond the scope of his actual or apparent authority or employment.").

Here, the contract was between Appellee and Paone Construction, and signed by Appellant as the president of Paone Construction. Since Appellant acted as a corporate agent of Paone Construction, the issue is whether Appellant acted outside of the scope of his authority when he transferred funds from Paone Construction to himself so that Paone Construction lacked the funds to fulfill its contractual obligations to Appellee.

**Sufficiency of the Evidence**

In his first issue, Appellant challenges the sufficiency of the evidence supporting the court's finding that he tortiously interfered with the contract between Paone Construction and Appellee. Appellant's Br. at 21. Specifically, he contends that Appellee presented no evidence that Appellant acted

improperly in diverting money away from Paone Construction's account and contends that because he acted only as corporate officer, he does not qualify as a third party to the contract to meet the elements of tortious interference. *Id.* at 22-23.[3]  We conclude Appellant has waived this sufficiency challenge by failing to preserve it.

It is well-settled that to preserve a challenge to the sufficiency of the evidence in a non-jury trial, a litigant must first move either for a nonsuit or a directed verdict.  **Haan v. Wells**, 103 A.3d 60, 68 (Pa. Super. Ct. 2014); **Kimble v. Laser Spine Inst., LLC**, 2021 PA Super 196, *6 (filed Sept. 30, 2021) (*en banc*); **see** Pa.R.C.P. 226.  "This approach has the salutary effect of submitting the issue to the trial judge for initial evaluation during trial, when the proofs are still fresh."  **Corvin v. Tihansky**, 184 A.3d 986, 990 (Pa. Super. 2018).  The failure to make such a motion waives an appellant's sufficiency challenge.  **Haan**, 103 A.3d at 68.

The trial court here concluded that Appellant failed to preserve his sufficiency challenge by failing to file a motion for a directed verdict.  We agree.  Accordingly, this claim is waived.

**Weight of the Evidence**

_____

[3] Appellant does not address how depleting the corporation's bank account so that the corporation could not complete the project was acting within the scope of his authority.

In his second issue, Appellant avers that the trial court's verdict was against the weight of the evidence "for the same reasons that the evidence was legally insufficient."[4]  Appellant's Br. at 26.  This issue is, likewise, waived.

Our Rules of Appellate Procedure unequivocally require that an appellant support each question he or she raises with citation to the record and discussion and analysis of pertinent authority. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009). **See also** Pa.R.A.P. 2111 and 2119 (listing argument requirements for appellate briefs). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Johnson**, **supra** at 924. **See** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

In this argument section, Appellant fails to cite to the record and presents no legal authority or analysis to support his weight challenge.  These omissions fatally hamper our review.  Accordingly, this issue is waived.

**Participation Theory of Liability**

---

[4] Unlike a sufficiency challenge, "a litigant is not required to file a motion for a directed verdict to preserve a challenge to the weight of the evidence." **Haan**, 103 A.3d at 68.  "Rather, it is a claim which, by definition, ripens only after the verdict, and it is properly preserved so long as it is raised in timely post-verdict motions."  **Criswell v. King**, 834 A.2d 505, 512 (Pa. 2003). Because Appellant raised this issue in his post-trial motion, the issue is preserved for our review.

In Appellant's third and final issue, he avers that the trial court erred by *sua sponte* raising and applying the "participation theory" of liability in this case when Appellee never made a participation theory claim. Appellant's Br. at 15. Appellant asserts that the participation theory holds corporate officers liable when they take part in the commission of a tort by the corporation, and because plaintiff did not assert a cause of action sounding in tort against the corporation, the court's finding that Appellant tortiously interfered with the contract is not supported. *Id.* at 17-18 (citing ***Wicks v. Milzoco Builders, Inc.***, 470 A.2d 86, 90 (Pa. 1983)). Appellant's claim mischaracterizes the trial court's findings of facts and conclusions of law.

Contrary to Appellant's characterization, the trial court did not conclude that Appellant was liable pursuant to the participation theory. ***See*** Decision, dated May 19, 2020. As memorialized in its Decision supporting its verdict, and supported by the record, the trial court made the following findings of fact: Appellant signed a construction agreement with Appellee to construct a home with a base price of $263,935, Appellee paid in full, Paone Construction's main job at the time was construction of the home, Paone Construction paid subcontractors and vendors $153,806 for construction of the home, and Appellant wrote checks to himself from Paone Construction in the amount of $128,736 with knowledge that there would be insufficient funds to complete construction of the residence. *Id.* at 15. The court also found that Appellant personally benefitted from the monies he paid to himself and Paone Construction had insufficient funds to complete construction of the home. The

trial court concluded that Appellant interfered in the construction agreement between Paone Construction and Appellee without privilege by inappropriately diverting excessive funds from Paone Construction for his personal use, and Appellee incurred actual damages of $78,000. *Id*. at 15-16.

The trial court's findings of facts demonstrate that Appellee proved each element of tortious interference with a contract, namely: (1) the existence of a contract, (2) Appellant's intent to interfere with the contract, (3) Appellant's improper conduct, and (4) Appellee's incurred damages. Moreover, the trial court's findings support a conclusion that Appellant was acting outside the scope of his employment, and therefore as a third party, when he diverted company funds to himself. The trial court opined:

> As the person controlling the day-to-day operations, signing all checks, deciding who got paid, including himself, and knowing as a result that Paone Construction would have insufficient funds to complete construction of the home, [Appellant] nevertheless signed checks totaling approximately $128,000.00 to himself for his personal benefit. In short, when he diverted Paone Construction funds to himself, [Appellant] acted in his own interest and solely for his own benefit rather than in the best interest of Paone Construction. [Appellant]'s actions to the detriment of Paone Construction directly resulted in Paone Construction's shortage of funds and consequent breach of the contract. Accordingly, the court properly found in favor of [Appellee] and against [Appellant] on [Appellee]'s claim for tortious interference with contract.

*Id.* at 19. The record supports the trial court's findings, and the findings support the elements of tortious interference with contract.

We acknowledge that the trial court included a discussion of participation theory case law in its Decision. However, the court never

analyzed the facts and circumstances of this case under participation theory case law to conclude that Appellant was liable. Moreover, in its February 8, 2021 Rule 1925(a) Opinion, the trial court explained that it concluded that Appellee met its burden to prove the elements of tortious interference with a contract, and that it cited case law pertaining to participation theory only as analogous to this case because it, too, addressed the concept that a corporate agent can act in an individual capacity in certain circumstances.[5]

Our review of the record does not support Appellant's conclusion that the verdict was based on a legal theory never raised in the complaint. Rather, the verdict was based on the court's conclusion that, among other things, Appellant's action in depleting the corporation's bank account, demonstrated tortious interference with a contract. Accordingly, Appellant is not entitled to relief on this claim.

**CONCLUSION**

In conclusion, Appellant's challenges to the sufficiency and the weight of the evidence are waived and our review of the record belies Appellant's claim that the verdict was based on a legal theory never raised in the complaint. Nonetheless, the record supports the trial court's conclusion that

_____

[5] Specifically, the trial court opined that, "in addition to finding [Appellee] met their burden to show [Appellant] tortiously interfered with its contract with Paone Contruction, this court also found [Appellant]'s participation in the alleged breach of contract analogous to the case law applying the 'participation theory.' As previously stated, the court determined Paone acted improperly and with the specific intent to interfere. Hence, [Appellant]'s assertions that this court ignored the applicable law are without merit." Trial Ct. Op., dated 2/8/21, at 21-22.

Appellant tortiously interfered with the contract between Paone Construction and Appellee.  Accordingly, we affirm judgment in favor of Appellee.

Judgment affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/3/2022*